UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| JACLYN BJORKLUND,<br><br>    *Plaintiff*,<br><br>v.<br><br>NOVO NORDISK A/S, NOVO NORDISK NORTH AMERICA OPERATIONS A/S, NOVO NORDISK US HOLDINGS INC., NOVO NORDISK US COMMERCIAL HOLDINGS INC., NOVO NORDISK INC., NOVO NORDISK RESEARCH CENTER SEATTLE, INC., NOVO NORDISK PHARMACEUTICAL INDUSTRIES LP, and ELI LILLY AND COMPANY,<br><br>    *Defendants.* | CASE NO. 2:23-cv-01020<br><br>JUDGE JAMES D. CAIN, JR.<br><br>MAGISTRATE JUDGE KATHLEEN KAY |

## **PROPOSED JOINT DISCOVERY PLAN AND RULE 26(f) REPORT**

   Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff Jaclyn Bjorklund ("Plaintiff") and Defendants Novo Nordisk US Holdings Inc.; Novo Nordisk US Commercial Holdings Inc.; Novo Nordisk Inc.; Novo Nordisk Research Center Seattle Inc.; Novo Nordisk Pharmaceutical Industries LP (the "Novo Nordisk Defendants") and Defendant Eli Lilly and Company ("Lilly") (collectively the "Parties") submit this Joint Discovery Plan and Rule 26(f) Report in advance of the Federal Rule of Civil Procedure Rule 16(b) Scheduling Conference to be held by teleconference on November 7, 2023, at 10:30 am.

**1. Type of Trial (Jury/Bench):** Jury

**2. Participants:**

  *Counsel for Plaintiff:*

    Paul J. Pennock (*pro hac vice*)
    Morgan & Morgan
    350 Fifth Ave Ste 6705
    New York, NY 10118
    Tel: 917-344-7036
    Email: ppennock@forthepeople.com

-2-

       Jonathan M. Sedgh (*pro hac vice*)
       Morgan & Morgan
       350 Fifth Ave Ste 6705
       New York, NY 10118
       Tel: 813-225-6747
       Email: jsedgh@forthepeople.com

       Bess DeVaughn
       Morgan & Morgan
       400 Poydras St, Suite 1505
       New Orleans, LA 70130
       Tel: 504-636-6300
       bdevaughn@forthepeople.com

*Counsel for Defendants Novo Nordisk US Holdings Inc.; Novo Nordisk US Commercial Holdings Inc.; Novo Nordisk Inc.; Novo Nordisk Research Center Seattle Inc.; Novo Nordisk Pharmaceutical Industries LP:*

| | |
|---|---|
| Diana Cole Surprenant<br>E. Paige Sensenbrenner<br>Adams & Reese<br>701 Poydras St Ste 4500<br>New Orleans, LA 70139<br>Tel: 504-585-0202<br>Email: diana.surprenant@arlaw.com<br>Email: paige.sensenbrenner@arlaw.com | Loren H. Brown (*pro hac vice*)<br>DLA Piper (US) LLP<br>1251 Ave. of the Americas 45th Fl.<br>New York, NY 10020-1104<br>Tel: 212-335-4846<br>Email:loren.brown@us.dlapiper.com |

*Counsel for Defendant Eli Lilly & Co.:*

| | |
|---|---|
| Christopher P. Ieyoub (#16978)<br>V. Ed McGuire, III (#23861)<br>Peyton N. Robertson (#39315)<br>Plauche, Smith & Nieset, LLC.<br>1123 Pithon Street<br>Lake Charles, LA 70601<br>Tel:: (337) 436-0522<br>Email: cieyoub@psnlaw.com<br>Email: emcguire@psnlaw.com<br>Email: probertson@psnlaw.com | James F. Hurst (*pro hac vice*)<br>Renee D. Smith (*pro hac vice*)<br>Diana M. Watral (*pro hac vice*)<br>Kirkland & Ellis LLP<br>300 N. LaSalle St.<br>Chicago, IL 60654<br>Tel: (312) 862-2000<br>Email: james.hurst@kirkland.com<br>Email: renee.smith@kirkland.com<br>Email: diana.watral@kirkland.com |

**3. Affirmation Regarding Initial Disclosures:** Plaintiff has served her initial disclosures pursuant to FRCP 26(a)(1). Defendants believe that the timeline for initial disclosures should be deferred until the Court has ruled on Lilly's pending (ECF No. 49) and Novo Nordisk Defendants' forthcoming motions to dismiss.

**4. Joinder of Parties:**  Pending discovery, the Plaintiff does not anticipate the joinder of additional parties.

**5. Jurisdiction Basis:** This action was filed in federal court on August 2, 2023, under federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**6. Brief Description of Claims:** Plaintiff alleges inadequate warning under La. Rev. Stat. 9:2800.57 against all Defendants as a result of Defendants' alleged failure to warn of the risks of severe gastrointestinal events including gastroparesis and the severity of these side effects on the Ozempic and Mounjaro,, and Defendants' continued marketing, distribution, and/or sale of Ozempic and Mounjaro to consumers without adequate warnings, and failed to ensure that any changes in the label, including Warnings, were expeditiously communicated to doctors and consumers, including the Plaintiff. Various Plaintiffs' physicians were unaware of these risks as demonstrated by the drugs not being withdrawn from the Plaintiff despite ongoing complaints reflective of these injuries.

Plaintiff also alleged breach of express warranty under La. Rev. Stat. 9:2800.58 against all Defendants as a result of Defendants allegedly expressly warranting to Plaintiff and her physicians that Ozempic and Mounjaro were safe despite knowing that the products were unreasonably dangerous.

Plaintiff seeks compensatory damages, punitive and/or exemplary damages, the costs of these proceedings, and such other and further relief as this Court deems just and proper as to all Defendants.

**7. Brief Statement of Response:**  Defendants disagree with Plaintiff's allegations.

**Lilly's Response**: Plaintiff's claims against Lilly are meritless and should be dismissed. Mounjaro is a prescription medicine manufactured by Lilly that is FDA approved to treat type 2 diabetes.  Plaintiff alleges she used Ozempic for a year and experienced severe gastrointestinal symptoms before she ever used Mounjaro.  Plaintiff nonetheless claims that Lilly failed to adequately warn about risks of severe gastrointestinal events, even though Mounjaro's FDA-approved label discloses risks of the exact symptoms Plaintiff alleges and which were already widely known in the medical community: Mounjaro (i) is associated with "severe" "gastrointestinal adverse reactions;" (ii) "may cause serious side effects," including vomiting and "severe stomach problems;" (iii) "delays gastric emptying;" and (iv) "is not recommended" in patients "with severe gastrointestinal disease, including severe gastroparesis."  As explained in Lilly's October 26, 2023 motion to dismiss (ECF No. 49), Plaintiff's claims should be dismissed because they are preempted by federal law and Louisiana's learned intermediary doctrine and/or are otherwise insufficiently pled.

**Novo Nordisk Defendants' Response**: Novo Nordisk Defendants intend to move to dismiss the Complaint on November 3, 2023 based on both law and fact.

Defendants reserve the right to alter or amend their defenses.

**8. Anticipated Amendments to Pleadings and Motions:** The Complaint has already been amended (ECF No. 5) and no further amendments are currently expected.

**9. Anticipated Expert Witnesses:** The Parties agree that it is premature to identify anticipated expert witnesses and respectfully request that the Parties be permitted to meet and confer and submit a proposed Scheduling Order.

**10. Discovery Plan:** As indicated in paragraph 9 above, the parties respectfully request that they be permitted to meet and confer on a Scheduling Order. The Parties agree that it is premature to identify limitations on the number of depositions to be taken, the timing of these depositions, or the number of discovery requests that may be propounded by each party and respectfully request that they be permitted to meet and confer on these topics.

**11. Electronically Stored Information (ESI):** The Parties respectfully request that they be permitted to meet and confer on a proposed schedule.

**12. Privileged or Protected Information:** The Parties respectfully request that they be permitted to meet and confer on a proposed schedule.

**13. Protective Order and Preservation Order:** The Plaintiff has submitted a Proposed Preservation Order to the Defendants and intends to serve a Proposed Protective Order prior to the conference on November 7, 2023.  Defendants believe such Orders are premature, and propose the Parties meet and confer on the timing and scope of these issues.

**14. Stipulations:** The Parties will meet and confer when appropriate to identify any matters to which the Parties can stipulate.

**15. Major Issues of Fact and Law in Dispute:** The Parties agree that it is premature to identify all the major issues of fact and law in dispute.  However, all claims and defenses are likely in dispute.

**16. Related Case Information:** The Parties are aware of two other lawsuits involving similar allegations, one is in this jurisdiction and one is in the Eastern District of Pennsylvania.  Those two other lawsuits are brought only against the Novo Nordisk Defendants; Lilly is not a defendant in either of those two lawsuits.

**17. Alternative Dispute Resolution (ADR):** The Plaintiff is willing to discuss resolution. The Defendants' position is that such discussions are premature.

**18. Consent Trials:** The Parties are aware of the right to consent to a trial by a Magistrate Judge pursuant to 28 U.S.C. § 636(c) and will meet and confer at an appropriate time to determine if the Parties consent.

**19. Handicap Provisions:** The Parties agree it is premature to determine whether any party, witness, or trial participant will require handicap provisions.

WE HEREBY CERTIFY THAT THE FOREGOING IS ACCURATE AND COMPLETE.

        */s/ Jonathan M. Sedgh*
        Jonathan M. Sedgh (*pro hac vice*)
        Morgan & Morgan
        350 Fifth Ave Ste 6705

New York, NY 10118
Tel: 813-225-6747
Email: jsedgh@forthepeople.com

Bess DeVaughn
Morgan & Morgan
400 Poydras St, Suite 1505
New Orleans, LA 70130
Tel: 504-636-6300
bdevaughn@forthepeople.com

Paul J. Pennock (*pro hac vice*)
Morgan & Morgan
350 Fifth Ave Ste 6705
New York, NY 10118
Tel: 917-344-7036
Email: ppennock@forthepeople.com
*Counsel for Plaintiff*

| */s/ Diana Cole Surprenant* | */s/ Loren H. Brown* |
|---|---|
| Diana Cole Surprenant | Loren H. Brown (*pro hac vice*) |
| E. Paige Sensenbrenner | DLA Piper (US) LLP |
| Adams & Reese | 1251 Ave. of the Americas 45th Fl. |
| 701 Poydras St Ste 4500 | New York, NY 10020-1104 |
| New Orleans, LA 70139 | Tel: 212-335-4846 |
| Tel: 504-585-0202 | Email:loren.brown@us.dlapiper.com |
| Email: diana.surprenant@arlaw.com | |
| Email: paige.sensenbrenner@arlaw.com | |

*Counsel for Defendants Novo Nordisk US Holdings Inc.; Novo Nordisk US Commercial Holdings Inc.; Novo Nordisk Inc.; Novo Nordisk Research Center Seattle Inc.; Novo Nordisk Pharmaceutical Industries LP*

| | */s/ Renee D. Smith* |
|---|---|
| Christopher P. Ieyoub (#16978) | James F. Hurst (*pro hac vice*) |
| V. Ed McGuire, III (#23861) | Renee D. Smith (*pro hac vice*) |
| Peyton N. Robertson (#39315) | Diana M. Watral (*pro hac vice*) |
| Plauche, Smith & Nieset, LLC. | Kirkland & Ellis LLP |
| 1123 Pithon Street | 300 N. LaSalle St. |
| Lake Charles, LA 70601 | Chicago, IL 60654 |
| Tel:: (337) 436-0522 | Tel: (312) 862-2000 |
| Email: cieyoub@psnlaw.com | Email: james.hurst@kirkland.com |
| Email: emcguire@psnlaw.com | Email: renee.smith@kirkland.com |
| Email: probertson@psnlaw.com | Email: diana.watral@kirkland.com |

*Counsel for Defendant Eli Lilly & Co.*