**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

JACLYN BJORKLUND,

*Plaintiff,*

v.

NOVO NORDISK A/S, NOVO NORDISK NORTH AMERICA OPERATIONS A/S, NOVO NORDISK US HOLDINGS INC., NOVO NORDISK US COMMERCIAL HOLDINGS INC., NOVO NORDISK INC., NOVO NORDISK RESEARCH CENTER SEATTLE, INC., NOVO NORDISK PHARMACEUTICAL INDUSTRIES LP, and ELI LILLY AND COMPANY,

*Defendants.*

**CASE NO. 2:23-cv-01020**

**JUDGE JAMES D. CAIN, JR.**

**MAGISTRATE JUDGE KATHLEEN KAY**

**MEMORANDUM OF LAW IN SUPPORT OF NNAS DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(2) OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S EXPRESS WARRANTY CLAIM PURSUANT TO RULE 12(b)(6)**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................... **Error! Bookmark not defined.**
RELEVANT FACTUAL BACKGROUND ........................................................... 2
I. Plaintiff's Limited Allegations Supporting Her Alleged Injuries ........................... 2
II. Plaintiff's Bare Jurisdictional Allegations ........................................................... 3
LEGAL STANDARDS ........................................................... 4
I. Rule 12(b)(2) Motion to Dismiss ........................................................... 4
II. Rule 12(b)(6) Motion to Dismiss ........................................................... 5
ARGUMENTS ........................................................... 6
I. Plaintiff Has Failed to Demonstrate Personal Jurisdiction Over the NNAS Defendants ........................................................... 6
A. The NNAS Defendants Are Not "At Home" in Louisiana ........................................ 6
B. Plaintiff's Thin, Conclusory Allegations Do Not Demonstrate Specific Jurisdiction ....8
II. Plaintiff Failed to Adequately Plead a Cause of Action for Breach of Express Warranty ........................................................... **Error! Bookmark not defined.**0
CONCLUSION ........................................................... **Error! Bookmark not defined.**2

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alpine View Co. v. Atlas Copco AB*,
205 F.3d 208 (5th Cir. 2000) ....................4

*Asarco, Inc. v. Glenara, Ltd.*,
912 F.2d 784 (5th Cir. 1990) ....................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................5, 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................5, 6

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)....................4

*Corley v. Stryker Corp.*,
No. 13-cv-2571, 2014 WL 3375596 (W.D. La. May 27, 2014) ....................11

*Corley v. Stryker Orthopaedics*,
No. 13-cv-2571, 2014 WL 3125990 (W.D. La. July 3, 2014)....................11

*Daimler A.G. v. Bauman*,
571 U.S. 117 (2014)....................4, 6, 7

*Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*,
943 F.3d 239 (5th Cir. 2019) ....................8

*Doe v. AstraZeneca Pharm., LP*,
No. 15-cv-438, 2015 WL 4661814 (E.D. La. Aug. 5, 2015)....................11

*Eddy v. Printers House (P) Ltd.*,
627 F. App'x 323 (5th Cir. 2015) ....................10

*Fuller v. Eisai Inc.*,
513 F. Supp. 3d 710 (E.D. La. 2021)....................2, 11, 12

*Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*,
255 F. App'x 775 (5th Cir. 2007)....................8

*Halliburton Energy Services, Inc. v. Ironshore Specialty Ins. Co.*,
921 F.3d 522 (5th Cir. 2019) ....................4

*Harris v. Merck & Co.*,
No. 12-cv-1446, 2012 WL 5384720 (W.D. La. Nov. 1, 2012)....................11

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984)....................5, 9

*Homer DNOW L.P.*,
No. 16-cv-1210, 2016 WL 3554733 (E.D. La. June 30, 2016) ....................9

*Indus., Inc. v. Zamil Grp. Holding Co.*,
578 Fed. App'x. 325 (5th Cir. 2014) ....................4

*Istre v. Montco Offshore, Inc*,
No. 12-cv-2054, 2016 WL 1110227....................10

*Johnston v. Multidata Sys. Int'l Corp.*,
523 F.3d 602 (5th Cir. 2008) ....................4, 5, 7

*Lemann v. Midwest Recovery Fund, LLC*,
No. 15-cv-3329, 2015 WL 7306442 (E.D. La. Nov. 19, 2015)....................7, 8

*McFadin v. Gerber*,
587 F.3d 753 (5th Cir. 2009) ....................4

*Meadows v. Hartford Life Ins. Co.*,
No. 05-cv-2209, 2006 WL 2336913 (S.D. Tex. Aug. 10, 2006) ....................10

*Monkton Ins. Servs., Ltd. v. Ritter*,
768 F.3d 429 (5th Cir. 2014) ....................6

*Nuovo Pignone, S.p.A v. STORMAN ASIA M/V*,
310 F.3d 374 (5th Cir. 2002) ....................5

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
253 F.3d 865 (5th Cir. 2001). ....................4, 7

*Rush v. Savchuk*,
444 U.S. 320 (1980)....................8

*Scandiliato v. Johnson*,
No. 04-cv-2923, 2005 WL 1038238 (E.D. La. April 27, 2005) ....................8

*Special Indus., Inc. v. Zamil Grp. Holding Co.*,
578 Fed. App'x. 325 (5th Cir. 2014) ....................4

*Suckafree Recs. v. OarFin Distribution*,
No. 12-cv-2337, 2013 WL 12158149 (S.D. Tex. May 7, 2013)....................9

*Thomas v. Bracco Diagnostics Inc.*,
No. 19-cv-00493, 2020 WL 1016273 (W.D. La. Feb. 27, 2020) ....12

*Whitener v. Pliva, Inc.*,
606 Fed. App'x. 762 (5th Cir. 2015) ....6

**Statutes**

LA. REV. STAT. § 9:2800.53 ....11

LA. REV. STAT. § 9:2800.58 ....10

**Rules**

Federal Rules of Civil Procedure Rule 8(a)(2) ....5

Federal Rules of Civil Procedure Rule 12(b)(2) ....1, 2, 4

Federal Rules of Civil Procedure Rule 12(b)(6) ....1, 2, 5, 6

Defendants Novo Nordisk A/S and Novo Nordisk North America Operations A/S (collectively, the "NNAS Defendants") respectfully move to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In the alternative, the NNAS Defendants seek dismissal of Plaintiff's second cause of action for breach of express warranty pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

**INTRODUCTION**

Through generalized and vague allegations in her First Amended Complaint ("FAC"), Plaintiff Jaclyn Bjorklund seeks to bring failure-to-warn and express warranty claims against eight separate defendants for claimed injuries arising from taking two different medicines indicated for the treatment of type 2 diabetes: Ozempic®, which is marketed in the U.S. by Novo Nordisk Inc., and Mounjaro®, which is marketed in the U.S. by Lilly.

Plaintiff's amended complaint casts too broad of a net—one which should not include either of the moving defendants, Novo Nordisk A/S and Novo Nordisk North America Operations A/S. Plaintiff has not set forth any facts to support personal jurisdiction over those defendants. In fact, Plaintiff's FAC does not identify *any* connections between the Denmark-based NNAS Defendants and the State of Louisiana. Instead, Plaintiff relies on plainly insufficient bare recitals of the jurisdictional requirements and improper aggregate allegations that seek to collapse the seven different Novo Nordisk entities and Defendant Lilly into the vague label "Defendants." Such allegations are inadequate to establish personal jurisdiction over the NNAS Defendants.

[1] This Court's December 8 and December 11, 2023 Memorandum Rulings granted the motions to dismiss of the Novo Nordisk Defendants and Defendant Eli Lilly and Company ("Lilly") as to Plaintiff's express warranty claim and denied those defendants' other challenges to Plaintiff's FAC. *See* ECF Nos. 66 and 69. While the NNAS Defendants do not address herein arguments that have already been considered and denied by this Court in its previous rulings, the NNAS Defendants reserve the right to raise at a later stage certain defenses included in those motions to dismiss, including preemption, as grounds for dismissal of this lawsuit.

Plaintiff also fails to plausibly allege the basic elements of her breach-of-express-warranty claim under the Louisiana Products Liability Act ("LPLA"). Plaintiff does not allege any specific warranty made by the NNAS Defendants and does not adequately plead the required element of inducement. *See Fuller v. Eisai Inc.*, 513 F. Supp. 3d 710, 723-24 (E.D. La. 2021).

For these reasons, as discussed further below, this Court should dismiss the claims against the NNAS Defendants pursuant to Federal Rule of Civil Procedure 12(b)(2). In the alternative, this Court should dismiss Plaintiff's express warranty claim as to the moving defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).

## RELEVANT FACTUAL BACKGROUND

### I. Plaintiff's Limited Allegations Supporting Her Alleged Injuries

Plaintiff's FAC includes very limited information regarding her history and alleged injuries. Plaintiff Jaclyn Bjorklund is a forty-five (45) year old woman who allegedly took Ozempic® "for more than one year" until "stopping use in or around July 2023, at which point she began using Mounjaro." FAC ¶¶ 10-11. Plaintiff claims that she was prescribed Ozempic® and Mounjaro® by one or more unidentified physicians, to whom she refers generally as "he/she/they." *Id*. at ¶¶ 12, 120-21, 136. She does not allege where she was prescribed the medicines, what condition the medicines were prescribed to treat, where she purchased the medicines, or where she took the medicines. *Id*.; *see also id*. ¶¶ 9-15. While Plaintiff claims that the "Defendants expressly warranted to [her] and her prescribing physician(s) that Ozempic and Mounjaro were safe," *id*. at ¶ 134, she fails to identify any representations amounting to specific promises about the product's safety. At some point while taking these medicines, she allegedly experienced "gastroparesis and its sequalae," including symptoms of "severe vomiting, stomach pain, [and] gastrointestinal burning." *Id*. at ¶¶ 13-14. Plaintiff does not specify which medicine caused her alleged symptoms

or state when her symptoms first began. *See id*. at ¶¶ 9-15. She also does not state where these alleged complications occurred or where she received treatment for her condition. *See id*.

**II. Plaintiff's Bare Jurisdictional Allegations**

Plaintiff addresses personal jurisdiction in a similarly cursory fashion in the amended complaint. She dedicates just a single paragraph of the 31-page FAC to jurisdiction, alleging that the Court has personal jurisdiction over all "Defendants" because "Plaintiff's claims arise out of Defendants' transaction of business and the tortious acts within the State of Louisiana, and by virtue of Defendants' substantial, continuous, and systematic contacts with the State of Louisiana unrelated to Plaintiff's claims." FAC ¶ 2.

Plaintiff further alleges that she is a "resident" of Louisiana but does not assert that any of the relevant events giving rise to this litigation, such as the prescription and taking of the medications at issue, occurred in Louisiana. *Compare id.* at ¶¶ 1, 9 (allegations of residency) *with id.* at ¶¶ 11-15 (allegations that Plaintiff was prescribed two medications and experienced claimed injuries, with no reference to Louisiana).

Finally, the FAC contains sparse jurisdictional allegations specific to Novo Nordisk A/S or Novo Nordisk North America Operations A/S. Plaintiff claims Novo Nordisk A/S is "identified on Ozempic's label," *Id.* at ¶ 29, and alleges it is "a public limited liability company organized under the laws of Denmark with a principal place of business in Bagsvaerd, Denmark." *Id.* at ¶ 22. She similarly asserts that Novo Nordisk North America Operations A/S is "a company organized under the laws of Denmark with a principal place of business in Bagsvaerd, Denmark." *Id.* at ¶ 24. The FAC is devoid of any further jurisdictional allegations specific to either of the NNAS Defendants.

## LEGAL STANDARDS

### I. Rule 12(b)(2) Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), Plaintiff must establish that personal jurisdiction exists over the NNAS Defendants. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). To do so, the plaintiff must present sufficient facts as to make out a *prima facie* case supporting jurisdiction. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). However, in deciding whether the plaintiff has met this burden, a court need not "credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

In a diversity case such as this, a federal court may exercise personal jurisdiction over a non-resident defendant if Louisiana's long-arm statute confers personal jurisdiction and if the exercise of personal jurisdiction satisfies the requirements of due process under the United States Constitution. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Under either a general or specific jurisdiction analysis, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). The potential burdens of litigation render "the minimum contacts analysis ... particularly important when the defendant is from a different country." *Special Indus., Inc. v. Zamil Grp. Holding Co.*, 578 Fed. App'x. 325, 328 (5th Cir. 2014) (per curiam) (internal quotations omitted).

Consistent with due process, personal jurisdiction can be exercised in one of two ways. *Halliburton Energy Services, Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019). A court can exercise "general" jurisdiction when a defendant's "affiliations with the State are so continuous and systematic as to render [it] essentially ***at home*** in the forum state." *Daimler A.G. v. Bauman*, 571 U.S. 117, 119 (2014) (emphasis added). Substantial, continuous, and

systematic contact with a forum is a difficult standard to meet and requires "extensive contacts between a defendant and the forum." *Johnston*, 523 F.3d at 609.

Alternatively, a court may exert "specific" jurisdiction over a defendant if the plaintiff's claims "arise out of" or are "related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). The Fifth Circuit follows a three-step inquiry into specific jurisdiction. First, a court must determine whether a defendant has "minimum contacts" with the forum state. *Nuovo Pignone, S.p.A v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002). In assessing a defendant's minimum contacts, courts look to whether the defendant "purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there." *Id*. Second, a court must determine whether a plaintiff s claims arise out of or result from these forum-related contacts. *Id*. If the Plaintiff makes a showing of the first two prongs, then the court must determine "whether the exercise of personal jurisdiction is fair and reasonable." *Id*.

**II. Rule 12(b)(6) Motion to Dismiss**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief. Such a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a pleading only contains "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In deciding a Rule12(b)(6) motion to dismiss, courts must accept all allegations in a complaint as true, but courts do not have to accept legal conclusions as facts. *Id*. Only those complaints that

are facially plausible under the *Iqbal* and *Twombly* standards survive a Rule 12(b)(6) motion to dismiss.

## ARGUMENT

### I. Plaintiff Has Failed to Demonstrate Personal Jurisdiction Over the NNAS Defendants

Plaintiff's boilerplate and conclusory allegations in the FAC do not allege sufficient facts on which either general or specific jurisdiction over the NNAS Defendants can be based. Because Plaintiff cannot establish a *prima facie* showing of personal jurisdiction over the NNAS Defendants, her claims against the moving defendants must be dismissed.

#### A. The NNAS Defendants Are Not "At Home" in Louisiana

It is well established that a court may exercise general jurisdiction over a corporate defendant only where that defendant has its "place of incorporation [or] principal place of business" or where its "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum state." *Daimler*, 571 U.S. at 137, 139. Plaintiff's bare jurisdictional allegations do not establish a *prime facie* basis to exercise general jurisdiction over the NNAS Defendants under either prong of the test established under *Daimler*.

First, the FAC acknowledges that the NNAS Defendants were not formed in Louisiana and do not maintain their principal places of business in the state. Instead, both Novo Nordisk A/S and Novo Nordisk North America Operations A/S have their principal places of businesses in and are organized under the laws of Denmark. FAC ¶¶ 22, 24. As the Fifth Circuit has observed, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business" of the defendant. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (citing *Daimler*, 571 U.S. at 139); *see Whitener v. Pliva, Inc.*, 606 Fed. App'x. 762, 764-65 (5th Cir. 2015) ("It is the exceptional case in which a corporation's operations in a forum other than its formal place of incorporation or principal place of business

may be so substantial and of such a nature as to render the corporation subject to general jurisdiction in that State.") (citing *Daimler*, 571 U.S. at 139 n.19) (internal quotation marks omitted).

Plaintiff has provided no evidence to demonstrate that this is an "exceptional case" in which general jurisdiction may be exercised in a state that is neither the principal place of business nor the state of incorporation. The FAC is devoid of any allegations that would support "continuous and systematic" contacts between the NNAS Defendants and Louisiana. In fact, Plaintiff fails to allege *any* contact whatsoever between either of the NNAS Defendants and the State of Louisiana. Instead, she flatly asserts that the indivisible "Defendants" "transact[] business" and have "substantial, continuous, and systematic contacts with the State of Louisiana." FAC ¶ 2. She presents no other facts or detail to support this conclusory assertion, which is plainly insufficient to meet her burden. *See Panda Brandywine Corp*., 253 F.3d at 869 (conclusory jurisdictional allegations in a complaint need not be considered); *Johnston*, 523 F.3d at 609 (citing *Gardemal v. Westin Hotel Co*., 186 F.3d 588, 596 (5th Cir. 1999)) ("[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts" are insufficient to establish personal jurisdiction).

Nor can Plaintiff "aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant." *Lemann v. Midwest Recovery Fund, LLC*, No. CV 15-3329, 2015 WL 7306442, at *5 (E.D. La. Nov. 19, 2015) (quoting *Nat'l Cmty. Reinvestment Coal. v. NovaStar Fin., Inc*., 631 F. Supp. 2d 1, 3 (D.D.C. 2009)). There is nothing in the FAC that ascribes specific conduct or actions to the NNAS Defendants. Instead, throughout the FAC, Plaintiff refers to the actions of the collective "Defendants" or the "Novo Nordisk Defendants," a combination of seven different entities. *See* FAC ¶ 41 ("[t]he Novo

Nordisk Defendants promoted the safety and sale of Ozempic in the United States on its websites…"), ¶ 45 ("As a result of the Novo Nordisk Defendants' advertising and promotion efforts, Ozempic has been widely used throughout the United States."). Setting aside that none of Plaintiff's aggregate allegations relates to any Defendant's actions in Louisiana, Plaintiff may not impute the actions of other defendants on the NNAS Defendants for purposes of establishing personal jurisdiction. *See Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) (holding that aggregating the defendant into a collective of "defending parties" did not satisfy federal due process); *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 793 (5th Cir. 2007) ("[I]t is not enough to simply rest on the use of the collective term, 'Defendants,' in the allegations."); *see also Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 251 (5th Cir. 2019) ("[g]enerally, the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated") (internal citations and quotations omitted).

Because Plaintiff failed to make even a *prima facie* showing that the NNAS Defendants are "at home" in Louisiana, this Court has no basis to exercise general jurisdiction over the NNAS Defendants. *See Lemann*, 2015 WL 7306442, at *5 (granting motion to dismiss where "allegations in the Complaint" are insufficient to demonstrate that the defendants directed activities into the forum state); *Scandiliato v. Johnson*, No. CIV.A. 04-cv-2923, 2005 WL 1038238, at *2 (E.D. La. April 27, 2005) (defendant's motion to dismiss granted where plaintiff "offer[ed] nothing more than an unsupported allegation" regarding general jurisdiction).

### B. Plaintiff's Thin, Conclusory Allegations Do Not Demonstrate Specific Jurisdiction

For a Louisiana federal court to exercise specific jurisdiction over foreign defendants like the NNAS Defendants, Plaintiff must identify some act whereby the NNAS Defendants "purposely

avail[ed] [themselves] of the privilege of conducting activities [in Louisiana]" such that they should "reasonably anticipate[] being haled into court" there. *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir. 1990). Additionally, Plaintiff is required to demonstrate that the NNAS Defendants' contacts with the forum state arise from, or are directly related to, her claims. *Helicopteros*, 466 U.S. at 414 n. 8.

Plaintiff's FAC falls far short of these requirements. It contains no allegation that the NNAS Defendants directed *any* conduct toward Louisiana or purposefully availed themselves of the privileges of conducting activities in the state. Instead, Plaintiff merely makes the unsupported assertion that her "claims arise out of Defendants' transaction of business and the tortious acts within the State of Louisiana." FAC ¶ 2. But Plaintiff does not identify any business transactions—or even any other *actions*—specific to Louisiana by any defendant, much less the NNAS Defendants. Plaintiff's sparse allegations of specific jurisdiction are conclusory and insufficient on their face. *See Homer DNOW L.P.*, No. 16-cv-1210, 2016 WL 3554733, at *4 (E.D. La. June 30, 2016) (conclusory statements that a defendant "sells its products nationally and internationally" and "knows and expects" its products to be sold to consumers in Louisiana were insufficient to make a *prima facie* showing of specific personal jurisdiction); *see also Suckafree Recs. v. OarFin Distribution*, No. 12-cv-2337, 2013 WL 12158149, at *7 (S.D. Tex. May 7, 2013) ("vague, overgeneralized, and conclusory assertions are insufficient to establish specific personal jurisdiction").

Plaintiff likewise fails to allege even basic information connecting her present claims to the NNAS Defendants' actions in the State of Louisiana. Plaintiff does not assert that she was prescribed Ozempic® in Louisiana, that she viewed any promotional, labeling, or advertising materials for Ozempic® in Louisiana, that she took Ozempic® while in the State, or that she

experienced any alleged injuries as a result while present in Louisiana. *See* FAC ¶¶ 11-15 (allegations devoid of Louisiana references). Because Plaintiff has not plausibly alleged that her claimed injuries "arise out of" or relate to any activities by the NNAS Defendants (or any others) directed at Louisiana, she has failed to make out a *prima facie* case supporting specific jurisdiction. *See Eddy v. Printers House (P) Ltd.*, 627 F. App'x 323, 327 (5th Cir. 2015) (district court lacked specific personal jurisdiction where plaintiff failed to allege "spare parts" shipped to Texas were the cause of his injury); *Meadows v. Hartford Life Ins. Co.*, No. 05-cv-2209, 2006 WL 2336913, at *5 (S.D. Tex. Aug. 10, 2006) ("[T]he stream of commerce theory does not apply here, where ... there is no allegation that any product was delivered to Plaintiff in Texas."); *Istre v. Montco Offshore, Inc*, No. 12-cv-2054, 2016 WL 1110227, at *3 ("The fate of other limit switches is irrelevant to a specific jurisdiction analysis if it cannot be shown that the product that is the subject of the instant litigation reached Louisiana while in the stream of commerce.").

Because Plaintiff has failed to present a *prima facie* case of personal jurisdiction over the NNAS Defendants, her claims against the moving defendants should be dismissed.

## II. Plaintiff Failed to Adequately Plead a Cause of Action for Breach of Express Warranty

To plead a breach of express warranty under the LPLA, a plaintiff must establish: (1) a manufacturer made an express warranty, (2) the warranty induced the patient to use the product, (3) the product failed to conform to the warranty, and (4) her injury was proximately caused because the express warranty was untrue. LA. REV. STAT. § 9:2800.58. Here, Plaintiff alleges in only the most conclusory fashion that "Defendants expressly warranted to Plaintiff and her prescribing physician(s) that Ozempic and Mounjaro were safe," that Defendants made these representations on "Ozempic's and Mounjaro's labels, websites, advertisements, promotional materials, and through other statements," and that these representations "induced" Plaintiff and

her unnamed physicians to prescribe and use Ozempic® and Mounjaro®. FAC ¶¶ 134-36. These allegations are not sufficient to maintain a claim for breach of express warranty against the NNAS Defendants.

As a threshold matter, Plaintiff does not identify an express warranty under Louisiana law. As several courts have held, statements that a product is "safe" and "effective" do not constitute express warranties under the LPLA. *See Corley v. Stryker Corp.*, No. 13-cv-2571, 2014 WL 3375596, at *5 (W.D. La. May 27, 2014), report and recommendation adopted sub nom. *Corley v. Stryker Orthopaedics*, No. 13-cv-2571, 2014 WL 3125990 (W.D. La. July 3, 2014) ("The alleged representations that the product is 'safe' or 'effective' fail to rise to the level of an express warranty."); *see also Fuller*, 513 F. Supp. 3d at 723 (explaining "safe to use" and "effective to use" do not constitute express warranties under the LPLA and dismissing the claim); *Doe v. AstraZeneca Pharm., LP*, No. 15-cv-438, 2015 WL 4661814, at *4 (E.D. La. Aug. 5, 2015) (same). Under Louisiana law, such statements amount to nothing more than "general opinion or general praise of a product," which does not constitute an express warranty. *Fuller*, 513 F. Supp. 3d, at 722; *see also* LA. REV. STAT. § 9:2800.53(6). Further, if such statements are made on a website or in marketing materials they are not warranties, because they are generally considered to be mere "puffery, general praise, or general opinion." *Robertson v. AstraZeneca Pharms., LP*, No. 15-cv-438, 2015 WL 5823326, at *5 (E.D. La. Oct. 6, 2015) (citation omitted).[2]

[2] *Harris v. Merck & Co.* is distinguishable because there the defendant argued that Plaintiff failed to identify specific language of an express warranty. No. 12-cv-1446, 2012 WL 5384720, at *5 (W.D. La. Nov. 1, 2012). Here, the NNAS Defendants argue that Plaintiff has failed to identify an express warranty *at all* under Louisiana law and that the FAC's allegations of inducement are conclusory and boilerplate. Subsequent precedent, cited above, moreover, has made clear that marketing of an FDA-approved product as "safe" and "effective" does not give rise to an express warranty.

Furthermore, Plaintiff's "conclusory allegation[s]" that she and her physician(s) were "induced" to use and prescribe Ozempic® and Mounjaro® "do[] no more than recite a required element of an LPLA express warranty claim." *Thomas v. Bracco Diagnostics Inc.*, No. 19-cv-00493, 2020 WL 1016273, at *6 (W.D. La. Feb. 27, 2020) (citation omitted). In the FAC, Plaintiff does not include any facts that actually "show" how any alleged express warranty induced her or her physician(s) to prescribe or use Ozempic® and Mounjaro®, as required under Louisiana law. *Id*. (dismissing an express warranty claim where plaintiff "fail[ed] to plead any facts to show how an express warranty induced him to use the product" and his allegations simply "recite[d] a required element of … [the] claim."). As the *Fuller* court explained, the plaintiff's failure to "allege facts that the warranty was made to a specific audience . . . [and] identify the audience to whom the alleged warranties were made . . . underscores just how vague their warranty allegation is." 513 F. Supp. 3d at 723 (citation omitted).

Accordingly, Plaintiff's second cause of action for breach of express warranty should be dismissed.

## CONCLUSION

For the foregoing reasons, the NNAS Defendants respectfully request that their motion to dismiss the FAC be granted in its entirety and with prejudice.

Dated: December 18, 2023

Respectfully submitted,

/s/ Diana Cole Surprenant

E. Paige Sensenbrenner (LA Bar No. 18429)
Diana Cole Surprenant (LA Bar No. 33399)
**ADAMS AND REESE LLP**
701 Poydras Street
Suite 4500
New Orleans, LA 70139
Tel: (504) 581-3234
diana.surprenant@arlaw.com
paige.sensenbrenner@arlaw.com

*/s/ Loren H. Brown*
Loren H. Brown (*pro hac vice pending)*
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, NY 10020-1104
Tel: (212) 335-4846
loren.brown@us.dlapiper.com

*Attorneys for Defendants Novo Nordisk A/S, Novo Nordisk North America Operations A/S, Nordisk US Holdings Inc., Novo Nordisk US Commercial Holdings Inc., Novo Nordisk Inc., Novo Nordisk Research Center Seattle, Inc., and Novo Nordisk Pharmaceutical Industries, LP*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2023, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to all attorneys of record using the CM/ECF system.

*/s/ Diana Cole Surprenant*
Diana Cole Surprenant